IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Launchip LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**True Value Company, LLC,**<br><br>    Defendant. | Case No. 1:19-CV-1165<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Launchip LLC ("Launchip"), through its attorneys, complains of True Value Company, LLC ("True Value"), and alleges the following:

### PARTIES

1.   Plaintiff Launchip LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6009 W Parker Rd, Ste 149 - 1045, Plano, TX 75093-8121.

2.   Defendant True Value Company, LLC is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 2710 Hancock Drive, Austin, TX 78731.

### JURISDICTION

3.   This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.   This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Launchip has suffered harm in this district.

## PATENTS-IN-SUIT

7. Launchip is the assignee of all right, title and interest in United States Patent Nos. 6,285,140 (the "'140 Patent"); 8,203,275 (the "'275 Patent"); 8,390,206 (the "'206 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Launchip possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '140 Patent

8. The '140 Patent is entitled "Variable-effect lighting system," and issued 9/4/2001. The application leading to the '140 Patent was filed on 4/21/1999. A true and correct copy of the '140 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '140 Patent is valid and enforceable.

### The '275 Patent

10. The '275 Patent is entitled "Variable-effect lighting system," and issued 6/19/2012. The application leading to the '275 Patent was filed on 8/16/2006. A true and correct copy of the '275 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11.     The '275 Patent is valid and enforceable.

### The '206 Patent

12.     The '206 Patent is entitled "Variable-effect lighting system," and issued 8/16/2005. The application leading to the '206 Patent was filed on 6/18/2012. A true and correct copy of the '206 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13.     The '206 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '140 PATENT

14.     Launchip incorporates the above paragraphs herein by reference.

15.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '140 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the True Value products identified in the charts incorporated into this Count below (among the "Exemplary True Value Products") that infringe at least the exemplary claims of the '140 Patent also identified in the charts incorporated into this Count below (the "Exemplary '140 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '140 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '140 Patent Claims, by having its employees internally test and use these Exemplary Products.

17.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

18.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '140 Patent. On

information and belief, Defendant has also continued to sell the Exemplary True Value Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '140 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '140 Patent.

19.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '140 Patent, literally or by the doctrine of equivalents, by selling Exemplary True Value Products to their customers for use in end-user products in a manner that infringes one or more claims of the '140 Patent.

20.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '140 Patent, literally or by the doctrine of equivalents, by selling Exemplary True Value Products to their customers for use in end-user products in a manner that infringes one or more claims of the '140 Patent. Moreover, the Exemplary True Value Products are not a staple article of commerce suitable for substantial noninfringing use.

21.     Exhibit 4 includes charts comparing the Exemplary '140 Patent Claims to the Exemplary True Value Products.  As set forth in these charts, the Exemplary True Value Products practice the technology claimed by the '140 Patent.  Accordingly, the Exemplary True Value Products incorporated in these charts satisfy all elements of the Exemplary '140 Patent Claims.

22.     Launchip therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23. Launchip is entitled to recover damages adequate to compensate for Defendant's infringement.

<b>COUNT 2: INFRINGEMENT OF THE '275 PATENT</b>

24. Launchip incorporates the above paragraphs herein by reference.

25. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '275 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the True Value products identified in the charts incorporated into this Count below (among the "Exemplary True Value Products") that infringe at least the exemplary claims of the '275 Patent also identified in the charts incorporated into this Count below (the "Exemplary '275 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '275 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

26. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '275 Patent Claims, by having its employees internally test and use these Exemplary Products.

27. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

28. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '275 Patent. On information and belief, Defendant has also continued to sell the Exemplary True Value Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '275 Patent. Thus, on

information and belief, Defendant is contributing to and/or inducing the infringement of the '275 Patent.

29. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '275 Patent, literally or by the doctrine of equivalents, by selling Exemplary True Value Products to their customers for use in end-user products in a manner that infringes one or more claims of the '275 Patent.

30. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '275 Patent, literally or by the doctrine of equivalents, by selling Exemplary True Value Products to their customers for use in end-user products in a manner that infringes one or more claims of the '275 Patent. Moreover, the Exemplary True Value Products are not a staple article of commerce suitable for substantial noninfringing use.

31. Exhibit 5 includes charts comparing the Exemplary '275 Patent Claims to the Exemplary True Value Products.  As set forth in these charts, the Exemplary True Value Products practice the technology claimed by the '275 Patent.  Accordingly, the Exemplary True Value Products incorporated in these charts satisfy all elements of the Exemplary '275 Patent Claims.

32. Launchip therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

33. Launchip is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '206 PATENT

34. Launchip incorporates the above paragraphs herein by reference.

35.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '206 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the True Value products identified in the charts incorporated into this Count below (among the "Exemplary True Value Products") that infringe at least the exemplary claims of the '206 Patent also identified in the charts incorporated into this Count below (the "Exemplary '206 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '206 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

36.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '206 Patent Claims, by having its employees internally test and use these Exemplary Products.

37.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

38.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '206 Patent. On information and belief, Defendant has also continued to sell the Exemplary True Value Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '206 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '206 Patent.

39.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '206 Patent, literally or by the doctrine of

equivalents, by selling Exemplary True Value Products to their customers for use in end-user products in a manner that infringes one or more claims of the '206 Patent.

40. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '206 Patent, literally or by the doctrine of equivalents, by selling Exemplary True Value Products to their customers for use in end-user products in a manner that infringes one or more claims of the '206 Patent. Moreover, the Exemplary True Value Products are not a staple article of commerce suitable for substantial noninfringing use.

41. Exhibit 6 includes charts comparing the Exemplary '206 Patent Claims to the Exemplary True Value Products. As set forth in these charts, the Exemplary True Value Products practice the technology claimed by the '206 Patent. Accordingly, the Exemplary True Value Products incorporated in these charts satisfy all elements of the Exemplary '206 Patent Claims.

42. Launchip therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

43. Launchip is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

44. Under Rule 38(b) of the Federal Rules of Civil Procedure, Launchip respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Launchip respectfully requests the following relief:

A. A judgment that the '140 Patent is valid and enforceable;

B. A judgment that the '275 Patent is valid and enforceable;

C. A judgment that the '206 Patent is valid and enforceable;

D. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '140 Patent;

E. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '275 Patent;

F. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '206 Patent;

G. An accounting of all damages not presented at trial;

H. A judgment that awards Launchip all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Launchip for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Launchip be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that Launchip be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that Launchip be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: November 27, 2019				Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Launchip LLC**